1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 | 1:14-cv-01931 MJS HC |
| 11 **EARL WILSON,** | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND |
| 12         Petitioner, | |
| 13    **v.** | (Doc. 1) |
| 14 | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER |
| 15 **STU SHERMAN, Warden,** | |
| 16         Respondent. | |

17

18    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2254.

20 **I.    DISCUSSION**

21    **A.    Procedural Grounds for Summary Dismissal**

22    Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23    If it plainly appears from the petition and any attached exhibits that the
      petitioner is not entitled to relief in the district court, the judge must dismiss
24    the petition and direct the clerk to notify the petitioner.

25    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

26 petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

27 respondent's motion to dismiss, or after an answer to the petition has been filed.  See

28 Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague,

1

1    conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v.</u>

2    <u>Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be

3    dismissed without leave to amend unless it appears that no tenable claim for relief can

4    be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

5          **B.    <u>Factual Summary</u>**

6          On September 5, 2014, Petitioner filed the instant petition for writ of habeas

7    corpus.  (Pet., ECF No. 1.) Petitioner challenges the March 8, 2013 decision of the

8    Governor of the State of California to reverse the Board of Parole Hearings ("Board")

9    finding of suitability for parole. (Pet., Ex. 2.) Petitioner claims the Governor and the

10   California courts unreasonably relied on undisclosed confidential information to conclude

11   that he was unsuitable for parole in violation of his procedural due process rights.

12   Petitioner also asserts that the parole denial constituted cruel and unusual punishment

13   under the Eighth Amendment.

14         **C.    <u>Federal Review of State Parole Decisions</u>**

15         Because the petition was filed after April 24, 1996, the effective date of the

16   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in

17   this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481

18   (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

19         A district court may entertain a petition for a writ of habeas corpus by a person in

20   custody pursuant to the judgment of a state court only on the ground that the custody is

21   in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§

22   2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L.

23   Ed. 2d 389 (2000); <u>Wilson v. Corcoran</u>, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

24         The Supreme Court has characterized as reasonable the decision of the Court of

25   Appeals for the Ninth Circuit that California law creates a liberty interest in parole

26   protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair

27   procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 861-

28   62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....

> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true regardless whether Petitioner is challenging a decision by the Board to deny parole or the Governor's reversal of a parole grant. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir.  2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

Here, Petitioner argues that the Board improperly relied on a confidential report that Petitioner assaulted a former girlfriend months before the commitment offense of the

3

1  murder of his girlfriend. (Pet. at 19-25.) As described by <u>Swarthout</u>, Petitioner has a right

2  to access his records in advance and to speak at the parole hearing to contest the

3  evidence presented. 131 S.Ct. at 862. Here, the state court in denying Petitioner's claim,

4  noted that Petitioner had been provided an opportunity to speak to the allegations during

5  the parole hearing, and had prior notice of the information as it was previously presented

6  at his 2009 parole hearing. (Pet., Ex. 1 at 41-46, Ex. 3 at 4.) As Petitioner was provided

7  notice of the evidence and an opportunity to contest it at his suitability hearing, the

8  minimal due process rights afforded under <u>Greenholtz</u> and <u>Swarthout</u> have been met,

9  and Petitioner is not entitled to relief. The fact that Petitioner did not have a right to

10  challenge the findings of the Governor is not a basis for habeas relief. <u>See</u> <u>Styre</u>, 645

11  F.3d at 1108. ("[W]e now hold that the Due Process Clause does not require that the

12  Governor hold a second suitability hearing before reversing a parole decision.")

13       A petition for habeas corpus should not be dismissed without leave to amend

14  unless it appears that no tenable claim for relief can be pleaded were such leave

15  granted. <u>Jarvis</u>, 440 F.2d at 14. Here, the Court concludes that it would be futile to grant

16  Petitioner leave to amend his first claim, and recommends the petition to be dismissed.

17            **D.    <u>Cruel and Unusual Punishment</u>**

18       Petitioner generally alleges that the Governor's decision constituted cruel and

19  unusual punishment in that it impermissibly extends the term of his sentence to one that

20  is grossly disproportionate to his individual culpability for the commitment offense.

21       "There is no right under the Federal Constitution to be conditionally released

22  before the expiration of a valid sentence, and the States are under no duty to offer

23  parole to their prisoners." <u>Swarthout v. Cooke</u>, 131 S.Ct. at 862. However, a criminal

24  sentence that is "grossly disproportionate" to the crime for which a defendant is

25  convicted may violate the Eighth Amendment. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 72, 123

26  S. Ct. 1166, 155 L. Ed. 2d 144 (2003); <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001, 111 S.

27  Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring); <u>Rummel v. Estelle</u>, 445

28  U.S. 263, 271, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).

1    Outside of the capital punishment context, the Eighth Amendment prohibits only

2  sentences that are extreme and grossly disproportionate to the crime. United States v.

3  Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin, 501 U.S. at 1001). Such

4  instances are "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at

5  72-73; Rummel, 445 U.S. at 272. So long as a sentence does not exceed statutory

6  maximums, it will not be considered cruel and unusual punishment under the Eighth

7  Amendment. See United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir.1998); United

8  States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990). Further, it has been held that

9  a sentence of fifty years to life for murder with use of a firearm is not grossly

10 disproportionate. Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006).

11   Here, Petitioner was convicted of one count of second degree murder. The

12 punishment for second degree murder, except for certain exceptions not relevant here, is

13 fifteen (15) years to life. Cal. Pen. Code § 190(a). Petitioner was sentenced to fifteen

14 years to life. Accordingly, Petitioner's sentence does not exceed the statutory maximum.

15   Further, the actions of the Governor do not constitute cruel and unusual

16 punishment. Petitioner explains that being rejected for parole by the Governor contrary

17 to Petitioner's expectations and desires violates the Eighth Amendment. Petitioner's

18 disappointment is understandable.  However, the Governor's decision, while lengthening

19 his physical term of confinement, does not change his original sentence. As Petitioner is

20 serving an indeterminate sentence, it is possible that he may be paroled, but it is also

21 possible that he shall remain incarcerated for the entire term. Petitioner has not stated

22 facts that would entitle him to Federal habeas relief under the Eighth Amendment's

23 prohibition against cruel and unusual punishment.

24   In view of the pertinent state statutory scheme, it does not appear that Petitioner

25 could allege a tenable cruel and unusual punishment claim. It will be recommended that

26 Petitioner's cruel and unusual punishment claim be dismissed without leave to amend.

27 **II.**    **CONCLUSION**

28   Although Petitioner asserts that his right to due process of law was violated by the

Board's decision, Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in <u>Greenholtz</u>, 442 U.S. 1. Further, the Court finds that Petitioner has not shown that the actions of the Governor violated his right to be free from cruel and unusual punishment. The Court concludes that it would be futile to grant Petitioner leave to amend and that the Petition be dismissed.

**III.   RECOMMENDATION**

Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to amend as Petitioner has not made a showing that he is entitled to relief. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings  and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 12, 2014          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28